```
                  UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

VICTOR MACKEVIN LEARY,              )   CIVIL ACTION NO.
                                    )
          Plaintiff.                )   _____
                                    )
v.                                  )
                                    )
VICTOR HILL, in his official        )   JURY TRIAL DEMAND
and individual capacity, Sheriff    )
of Clayton County, Georgia;         )
                                    )
CLAYTON COUNTY SHERIFF'S OFFICE,    )
                                    )
JEFFREY E. TURNER, in his official  )
and individual capacity, Chairman,  )
Clayton County Board of Commissioners;)
                                    )
          Defendants.               )
```
_____

## COMPLAINT

**COMES NOW** Mr. Victor MacKevin Leary, Plaintiff herein, by and through his undersigned counsel, Attorney Leah Davis Madden, and submits this Complaint for Damages against the Defendants captioned above. This Complaint is based on the following grounds, to wit:

**STATEMENT OF JURISDICTION AND VENUE**

1.

1

This Court has jurisdiction of this matter pursuant to 28 U.S.C.§ 1331 and § 1343.

**2.**

Venue in this district and division are proper under 28 U.S.C. § 1391 as the Defendant is located in the Northern District of Georgia, Atlanta Division. The Plaintiff resides in Fulton County, which is in the Northern District of Georgia, and the conduct that gave rise to this complaint occurred in Clayton County, Georgia, which is also in the Northern District.

**PARTIES**

**3.**

Plaintiff Leary is presently, and was at all times during the occurrences described herein, a resident of Fulton County, Georgia. Plaintiff is a citizen of the United States.

**4.**

Defendant Victor Hill is being sued in his official capacity as Clayton County Sheriff, and in his individual capacity. Defendant Hill has held the position of Sheriff continuously since January 1, 2013. During all times of the allegations in this Complaint, Victor Hill acted as the Chief Executive Officer of the Clayton County Sheriff's Office and its

four divisions: Executive Operations Division, Jail Operations Division, Field Operations Division, and Administrative Operations Division. Defendant Hill, despite his personal legal woes and recent felony convictions in the United States District Court for the Northern District of Georgia, at the time of filing, is still listed as the Sheriff of Clayton County, Georgia. At all times relevant to this Complaint, Victor Hill has acted under color of state law.

5.

Defendant, The Clayton County Sheriff's Office, is the chief law enforcement agency for Clayton County, Georgia, and operates out of the Clayton County Jail. The Clayton County Sheriff's Office receives federal funding. *See* U.S.C. § 794(b).

6.

Defendant Jeffrey E. Turner, is the Chairman of the Clayton County Board of Commissioners, a position he has held since January 1, 2013. Defendant Turner is a resident of Clayton County and is being sued both in his official and individual capacity.

## STATEMENT OF CLAIMS FOR RELIEF

7.

Plaintiff Leary asserts his claims seeking to recover for personal injuries and economic damages he suffered while in the custody and control of the Clayton County Sheriff's Department stemming from his unlawful arrest on December 5, 2020, and continuing until his release from the Clayton County Jail[1].

**8.**

This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States as applied to the State of Georgia, its entities, officials, and employees.

**9.**

Defendant is also entitled to recover under <u>Monell v.Department of Social Services</u>, 436 U.S.C. 658 (1978) because

---

[1] Victor Leary appeared in the Magistrate Court of Clayton County on February 2, 2021 before the Honorable Wanda Dallas, then Chief Judge, for a committal hearing to determine if there was sufficient probable cause for his case to be bound over to the Superior Court of Clayton County for the charges of possession of a firearm by a convicted felon and tampering with evidence. After hearing evidence from both parties, Judge Dallas found no probable cause for either of the charged offenses, dismissed Mr. Leary's case, and ordered his immediate release from the Clayton County Jail. Surprisingly the Assistant District Attorney who represented the State of Georgia did not object to the Court's ruling, finding the actions of Sherriff's Deputies appalling.

the policies, customs, and practices of the Clayton County Sheriff's Office, directly caused and were the moving force behind his claims.

**FACTUAL ALLEGATIONS**

**10.**

Plaintiff Leary was unlawfully detained and arrested by members of the Clayton County Sheriff's Department on December 5, 2020, when he and his wife were stopped by members of the Sheriff's Department during a routine safety road check at the intersection of Riverdale Road and Norman Drive in College Park, Georgia, Clayton County.

**11.**

Plaintiff's pregnant wife, Jotandria Brown-Leary, was driving the vehicle and he was a passenger when they were stopped by police. The stated purpose of the safety road check was to check tire tread, brake and taillights, and to verify that drivers were properly licensed and insured.

**12.**

At the time of the stop Ms. Brown-Leary had a valid driver's license, and her vehicle was properly registered and

insured. Her car was mechanically sound, and her brake and taillights were functioning properly.

**13.**

Despite not being the driver, Plaintiff Leary was pulled out his wife's car and subjected to what amounted to a fishing expedition by police once they learned he was on probation.

**14.**

Both Plaintiff and his wife were harassed by law enforcement under the pretext of there being an odor of marijuana in the car (a claim vigorously disputed by both Mr. Leary and his wife). It should be noted that no marijuana was recovered inside the vehicle or on the person of Mr. Leary or Ms. Brown-Leary.

**15.**

Sheriff's Deputies then proceeded to search the vehicle without consent or probable cause and a firearm was located in the center console.

**16.**

The firearm, a Taurus .380 was registered to Jotandria Brown-Leary. Ms. Leary immediately claimed ownership of the firearm advising police that she forgot to remove the weapon

from the car before Mr. Leary got inside. She further advised that Plaintiff was not even aware the firearm was in her car.

**17.**

Jotandria Brown-Leary is a former corrections officer, and she worked in that capacity until she had to retire after being diagnosed with multiple sclerosis and determined to be permanently and totally disabled. Ms. Brown-Leary is not a convicted felon and is a licensed gun owner.

**18.**

The firearm was legally purchased by Brown-Leary on October 5, 2020, at Arrowhead Pawn Shop in Jonesboro, Georgia. Despite Ms. Brown-Leary's statements to police and documentation, Plaintiff Leary was still falsely arrested and charged with possession of a firearm by a convicted felon and tampering with evidence on December 5, 2020.

**19.**

Mr. Leary was denied bond at his first appearance. As such, he was required to remain in custody until his preliminary hearing in Clayton County Magistrate Court on February 2, 2021.

**20.**

Former Chief Judge Wanda Dallas presided over the hearing finding there was insufficient probable cause to believe that Mr. Leary had committed any crime.

**21.**

Both of the aforementioned criminal charges were dismissed against Mr. Leary after he spent almost two months in custody.

**22.**

While in the custody and control of the Clayton County Sheriff's Office, Mr. Leary was a victim of excessive force and cruel and unusual punishment by several sheriff's deputies. He was punitively denied basic rights, such as the ability to use the restroom and shower.

**23.**

Plaintiff was housed in a cell that did not have a running toilet for over three weeks in the midst of a global pandemic. He urinated and soiled his jumpsuit on more than one occasion after being repeatedly denied the ability to use the bathroom.

On several occasions Mr. Leary was doubled over in abdominal pain after being required to go for over twenty-four (24) hours without the ability to be able to relieve his bowels.

**24.**

Mr. Leary was also intentionally denied proper medical attention and care. He was exhibiting several known symptoms of Covid-19. Mr. Leary tested positive for Covid-19 the day after he was released from the Clayton County Jail.

**25.**

At the time of Mr. Leary's unlawful arrest, he was gainfully employed full-time as a delivery driver with PLO Logistics, LLC, and Amazon delivery service partner. Mr. Leary was paid $15.00 per/hour, however he was arrested on December 5, 2020, during the company's peak delivery season. Mr. Leary worked a minimum of 40 hours per week, but he likely would have been eligible for overtime and holiday pay during the weeks leading up to Christmas.

**SUBSTANTIVE ALLEGATIONS**

**COUNT ONE**

**FALSE ARREST**

**26.**

While acting under color of law, and in violation of 42 U.S.C.§ 1983, members of the Clayton County Sheriff's Department intentionally committed acts in violation of Plaintiff's right

to be free from illegal searches and seizures of his person pursuant to the Fourth Amendment of the United States Constitution.

**27.**

The Fourth Amendment of the United States Constitution guarantees Plaintiff Leary the right to be secure in his person against unreasonable searches and seizures. Said right cannot be violated, and no arrest warrant issued, but upon probable cause. There was no probable cause here to support Plaintiff Leary's arrest for possession of a firearm by a convicted felon or tampering with evidence.

**28.**

The firearm in question, a Taurus .380, clearly belonged to Plaintiff's wife, Jotandria Brown-Leary, the driver and registered owner of the vehicle in which Plaintiff Leary was a passenger. Brown-Leary was also the registered owner of the firearm for which Plaintiff was charged. Deputies were able to verify his wife's ownership, that she was lawfully able to possess said firearm, and that the firearm was not stolen.

Moreover, there was no evidence whatsoever to show that Plaintiff Leary had knowledge that the firearm was in the car[2].

**29.**

Additionally, there was no probable cause to support a claim of tampering with evidence. The purported evidence that Plaintiff was accused of tampering with was marijuana; however, no marijuana was found in the vehicle or on Plaintiff's person. Plaintiff Leary was not charged with being in possession of any amount of marijuana, nor was he charged with any violation of the Georgia Controlled Substances Act.

**COUNT TWO**

**FALSE IMPRISONMENT**

**30.**

While acting under color of law, and in violation of 42 U.S.C.§ 1983, members of the Clayton County Sheriff's Department intentionally committed acts in violation of Plaintiff's Fourteenth Amendment right to due process under the United

---

[2] It should be noted that the firearm was only uncovered after an illegal search of Jotandria Brown-Leary's vehicle in violation of her Fourth Amendment right to be free of unlawful searches and seizures, however Plaintiff does not have standing in which to challenge the search of Brown-Leary's vehicle.

States Constitution. Specifically, Plaintiff Leary was deprived of his right to liberty without due process of law.

**31.**

Officers lacked the requisite probable cause necessary to arrest Plaintiff on December 5, 2000, thus his nearly two-month detention that followed thereafter at the Clayton County Jail until his release on or about February 2, 2021, amounted to false imprisonment.

**32.**

Plaintiff Leary's false imprisonment claim is also grounded in the Fourth Amendment's guarantee against unreasonable seizures. Members of the Clayton County Sheriff's Office acted with the intent to confine Plaintiff unlawfully, said acts resulted in a nearly two-month confinement of Plaintiff at the Clayton County Jail; Defendants had consciousness and awareness of Plaintiff's confinement and resulting harm; and the imprisonment resulted in a violation of a Plaintiff Leary's Fourth Amendment rights.

**COUNT THREE**

**CRUEL AND UNUSUAL PUNISHMENT**

**33.**

While acting under color of law, and in violation of 42 U.S.C.§ 1983, members of the Clayton County Sheriff's Department acted with deliberate indifference to Plaintiff's basic human and medical needs, and safety while in the custody of the Clayton County Jail. Officials knew of a substantial risk of serious harm to Plaintiff, and consciously disregarded said harm all in violation of Plaintiff's 8th Amendment right against cruel and unusual punishment.

**34.**

While in custody Plaintiff was punitively denied basic rights including the ability to use the restroom and shower. He was also denied medical attention and treatment after exhibiting symptoms of Covid-19.

**COUNT FOUR**

***MONELL* LIABILITY UNDER 42 U.S.C. § 1983**

**35.**

Defendants have a persistent and widespread practice of:

(a). Allowing members and employees of the Clayton County Sheriff's Department to violate its own policies and procedures.

(b). Failing to properly train and supervise its deputies, jailers, and correctional officers.

(c). Failing to properly discipline members of the Department who violate its stated policies and procedures, thereby creating and culture where violating the civil rights of citizens and pretrial detainees is not only tolerated and overlooked, but often times encouraged.

**36.**

Defendants are liable under <u>Monell v. Department of Social Services</u>, 436 U.S.C. 658 (1978) for violating Plaintiff Leary's constitutional rights because its policies, customs, and practices, which directly caused and were the moving force behind Plaintiff's claims.

**PRAYER FOR RELIEF**

**ATTORNEY'S FEES**

**37.**

Pursuant to 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11, Plaintiff is entitled to recover reasonable attorney's fees and costs associated with litigation.

## DAMAGES

**38.**

Plaintiff re-alleges, and incorporates herein the allegations contained in paragraphs 10 through 24 as if fully restated.

**39.**

As a result of the conduct of the Defendants, Plaintiff has incurred a loss of liberty, loss of wages, medical expenses, shame, humiliation, and physical and mental pain and suffering past, present, and future.

**40.**

As a result of Defendants' conduct, Plaintiff has incurred special damages in an amount to be proved at trial.

**41.**

All of the actions of the Defendants show actual malice, willful conduct, the want of care which rises to the level of deliberate indifference, and policies, customs, and practices

all which caused harm to the Plaintiff in violation of his constitutional rights.

**42.**

Plaintiff is seeking actual damages and punitive damages in an amount to sufficient deter and punish the Defendants.

**43.**

Plaintiff also seeks any further relief that the Court deems just and fair.

**WHEREFORE PLAINTIFF PRAYS:**

(a). That each Defendant be served with a copy of the Complaint and process as provided by law;

(b). That Plaintiff recover special and punitive damages as provided by law after being proven at trial;

(c). That Plaintiff recover reasonable attorneys fees and court costs associated with litigation;

(d). That Plaintiff have a trial by jury;

(e). That Plaintiff receive any other relief deemed fair and just by the Court.

**DEMAND FOR JURY TRIAL**

Plaintiff requests trial by jury for all triable issues.

Respectfully submitted this 5th day of December, 2022

                                      **s/Leah Davis Madden**
                                      Leah Davis Madden
                                      Attorney for the Plaintiff
                                      Georgia Bar Number 211711

DAVIS MADDEN & ASSOCIATES, P.C.
3915 Cascade Road S.W.
Suite T-134
Atlanta, Georgia 30331
(404) 545-4772			Office
lmadden@davismaddenlaw.com	Email

17

I certify under the Federal Rules of Civil Procedure Rule 11, by signing below I certify to the best of my knowledge and belief that this complaint is not being presented for an improper purpose, is supported by existing law, the factual contentions have evidentiary support, and the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted this 5th day of December, 2022

                                          **s/Leah Davis Madden**
                                          Leah Davis Madden
                                          Attorney for the Plaintiff
                                          Georgia Bar Number 211711

DAVIS MADDEN & ASSOCIATES, P.C.
3915 Cascade Road S.W.
Suite T-134
Atlanta, Georgia 30331
(404) 545-4772			Office
lmadden@davismaddenlaw.com	Email